FILED

14 MAY -5 PM 3:04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS NARANJO FERNANDEZ,<br>Detainee No. A200156060,<br><br>                                    Plaintiff,<br><br>vs.<br><br>UNITED STATES, et al.,<br><br>                                    Defendants. | Civil No.      13cv2787 WQH (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF Doc. No. 2)**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

Jesus Naranjo Fernandez ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil complaint pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).

Plaintiff claims his due process rights were violated by the United States, the U.S. Attorney General, the Secretary of the Department of Homeland Security, a U.S. Immigrations and Customs Office Field Officer, the Corrections Corporation of America

1  ("CCA") and CCA's Warden when they denied him a salary for work he performed as
2  barber while detained at CCA from September 26, 2013, through October 22, 2013. *See*
3  Compl. at 7-8.

4          Plaintiff has not prepaid the filing fee required to commence a civil action; instead,
5  he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.
6  § 1915(a) (ECF Doc. No. 2).

## I.

## MOTION TO PROCEED IFP

9          All parties instituting any civil action, suit or proceeding in a district court of the
10 United States, except an application for writ of habeas corpus must pay a filing fee of
11 $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to
12 prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28
13 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).
14 However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full
15 amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation
16 Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the
17 PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused
18 of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law
19 or the terms and conditions of parole, probation, pretrial release, or diversionary
20 program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS
21 pending deportation is not a 'prisoner' within the meaning of the PLRA," because
22 deportation proceedings are civil, rather than criminal in nature, and an alien detained
23 pending deportation has not necessarily been "accused of, convicted of, sentenced or
24 adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886.
25 Thus, because Plaintiff claims he is an immigration detainee, and not a "prisoner" as

26 ─────────────

27      [1] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1  defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not
2  apply to him. *See* Compl. at 2.

3          Accordingly, the Court has reviewed Plaintiff's affidavit of assets and finds it is
4  sufficient to show that he is unable to pay the fees or post securities required to maintain
5  this action. Therefore, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)
6  (ECF Doc. No. 2) is GRANTED .

7                                              **II.**

8                    **SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

9          Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal
10 by the Court to the extent it contains claims which are "frivolous, malicious, fail to state
11 a claim upon which relief may be granted, or seek monetary relief from a defendant
12 immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845,
13 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C.
14 § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
15 Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to
16 dismiss an in forma pauperis complaint that fails to state a claim.")

17         First, to the extent Plaintiff brings his action against the Corrections Corporation
18 of America ("CCA"), a private corporation that contracts with the federal government
19 to house alien detainees awaiting deportation, and Warden Lawrence, a CCA employee,
20 under the APA, *see* Compl. at 1, 3, 4; neither of these Defendants are an agency of the
21 Federal Government nor are they employees of the Federal Government. Therefore, any
22 decisions made by the CCA or its employees are not reviewable under the APA. *See*
23 *Newton-Nations v. Betlach*, 660 F.3d 370, 378 (9th Cir. 2011) ("The Administrative
24 Procedure Act ("APA"), 5 U.S.C. §§ 701-706, provides for judicial review of federal
25 agencies' actions."); *Spokane County Legal Services, Inc. v. Legal Services Corp.*, 614
26 F.2d 662, 669 (1980) (finding decisions made by non-profit legal services provider were
27 not subject to APA because it was "not an agency of the federal government.").
28 / / /

Second, Plaintiff seeks to bring a claim against the United States pursuant to the FTCA, which waives sovereign immunity for certain torts committed by federal employees. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b); *Meyer,* 510 U.S. at 475.  However, Plaintiff's Complaint fails to allege, among other things necessary to state a valid claim under the FTCA, that he exhausted his administrative remedies under the FTCA prior to filing suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.").  Based on this fundamental jurisdictional defect, Plaintiff's FTCA claims must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See Lopez*, 203 F.3d at 1127.

Third, to the extent Plaintiff seeks to hold the CCA liable for alleged civil rights violations pursuant to *Bivens*, 403 U.S. at 388, his claims also fail. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978).

*Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).  However, a *Bivens* action may only be brought against the responsible federal

///

1 official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355
2 (9th Cir. 1988).

3     *Bivens* does not provide a remedy for alleged wrongs committed by a *private*
4 entity alleged to have denied Plaintiff's constitutional rights under color of federal law.
5 *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of
6 *Bivens* is to deter *the officer*,' not the agency.") (quoting *Meyer,* 510 U.S. at 485);
7 *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to
8 private entities."). Accordingly, Plaintiff's claims against the CCA must also be
9 dismissed pursuant to 28 U.S.C. § 1915(e)(2). *Lopez*, 203 F.3d at 1127.

10     In addition, the Supreme Court recently held that a prisoner cannot bring a *Bivens*
11 action against Warden Lawrence, an employee of the CCA, in federal court either. *See*
12 *Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012).

13     In *Minneci*, the Supreme Court held that:

14 where a federal prisoner seeks damages from privately employed personnel
working at a privately operated federal prison, where the conduct allegedly
15 amounts to a violation of the Eighth Amendment, and where that conduct
is a kind that typically falls within the scope of traditional state tort law
16 (such as the conduct involving improper medical care at issue here), the
prisoner must seek a remedy under state tort law. We cannot imply a
17 *Bivens* remedy in such a case.

18 *Id.*

19     Finally, to the extent Plaintiff does name U.S. Attorney General Eric Holder, Janet
20 Napolitano, the former Secretary of the Department of Homeland Security, and Robin
21 Baker, the Director of the ICE Field Office in San Diego–all federal actors, and all
22 alleged to be "responsible" for the general implementation and enforcement of
23 immigration laws–as Defendants, and he seeks damages against them under *Bivens*, he
24 nevertheless has failed to allege any plausible claim for relief. *See Ashcroft v. Iqbal,*
25 556 U.S. 662, 678 (2009). This is primarily because "vicarious liability is inapplicable
26 to *Bivens* ... suits," *id.* at 676, and secondarily because Plaintiff has failed to allege that
27 any of them "through [their] own individual actions, ... violated the Constitution." *Id.*;
28 *cf. Coakley v. Murphy*, 884 F.2d 1218, 1220-1221 (9th Cir. 1989) (prisoner has no liberty

1  or property interest to continue in a work release program); *see also Flittie v. Solem*, 827

2  F.2d 276, 279 (8th Cir. 1987) (per curiam) ("Inmates have no constitutional right to be

3  assigned to a particular job."); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)

4  (per curiam ) ("The Constitution does not create a property or liberty interest in prison

5  employment.").

6                                               **III.**

7                                  **CONCLUSION AND ORDER**

8         Good cause appearing therefor, IT IS HEREBY ORDERED that:

9         1.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF

10  Doc. No. 2) is GRANTED.

11        IT IS FURTHER ORDERED that:

12        2.     Plaintiff's Complaint is DISMISSED without prejudice for failing to state

13  a claim pursuant to 28 U.S.C. § 1915(e)(2)(b).  However, Plaintiff is GRANTED forty

14  five (45) days leave from the date this Order is filed in which to file a First Amended

15  Complaint which cures the deficiencies of pleading noted above.   Plaintiff's Amended

16  Complaint must be complete in itself without reference to the superseded pleading. *See*

17  S.D. CAL. CIVLR 15.1.  Defendants not named and any claim not re-alleged in the

18  Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567

19  (9th Cir. 1987).

20

21  DATED: _____4/30/14_____            _____

22                                          HON. WILLIAM Q. HAYES
                                            United States District Judge
23

24

25

26

27

28